# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

NAVAJO NATION and CURTIS BITSUI,

    Plaintiffs,

    v.                                                  No. 1:16-cv-00888 WJ/LF

HONORABLE PEDRO G. RAEL, Judge,
New Mexico Thirteenth Judicial District, and
LEMUEL L. MARTINEZ, District Attorney,
New Mexico Thirteenth Judicial District,

    Defendants.

## MEMORANDUM OPINION AND ORDER
## DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION

THIS MATTER comes before the Court upon Plaintiffs Motion for Reconsideration, filed May 9, 2017 **(Doc. 36)**. Having reviewed the parties' briefs and applicable law, the Court finds that Plaintiffs' motion is not well-taken and, therefore, is denied.

## BACKGROUND

Plaintiffs in this lawsuit were initially the defendants in a New Mexico state court case in which Curtis Bitsui, a Native American, was alleged to have interfered with certain easements traversing a tract of land that he owns and which he considered to be Indian country, as defined under as defined under 18 U.S.C. §1151. Defendants in this federal case are Lemuel Martinez, district Attorney for New Mexico's Thirteenth Judicial District and the Honorable Pedro G. Rael ("Judge Rael") who presided over the state court case in the underlying litigation and determined that the state court had jurisdiction over the matter because the tract of land ("the Allotment") was not Indian country.

Plaintiffs filed action in federal court seeking a declaration that the Thirteenth Judicial District Court of New Mexico has no jurisdiction in the underlying state court case and thus Defendant Martinez has no authority to take action in that case, or in any other legal action in state court against Plaintiff Bitsui arising from an Indian allotment. Both parties filed Amended Motions for Judgments on the Pleadings, which the Court addressed together. The Court denied Plaintiffs' motion, and granted Defendants' motion, finding that Defendants were entitled to judgment on the pleadings as to Plaintiffs' entire complaint. However, the Court rejected Defendants' argument that the *Younger* doctrine mandated a stay in this case until the appeal in the state court case was concluded, finding that the doctrine was not relevant to the circumstances of this case. Doc. 34 at 18. Instead, the Court found that it was barred from hearing the matter based on the doctrine of collateral estoppel. *Id.* at 16 (finding that the jurisdictional issue of whether the Allotment was on Indian land "is identical to the issue presented by Plaintiffs in this federal case, and that collateral estoppel bars this Court from addressing it again"); *id.* at 18 ("this question has already been answered, and collateral estoppel bars this Court from answering it again").

## DISCUSSION

Under F.R.C.P. 60(b)(6), "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . any other reason that justifies relief." The Tenth Circuit held that "[g]rounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th

Cir. 2000). "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Id.*[1]

Plaintiffs claim that they challenge the Court's ruling in order to prevent "manifest injustice," Doc. 36 at 2, but the Court finds that they offer no reason for the Court to modify its ruling under any of the above categories.

## I. Application of Collateral Estoppel

Plaintiffs do not contest that the basic elements of collateral estoppel have been met, yet contend that this case is an exception to the use of the doctrine because it falls in the contexts of federal pre-emption or sovereign immunity. *See Durfee v. Duke,* 375 U.S. 106, 111 (1963) ("Doctrines of federal pre-emption or sovereign immunity may in some contexts be controlling."). This argument is a thinly disguised invitation to the Court to rehash the central question of Plaintiffs' underlying motion and on which the Court has already ruled, which is whether this case involves issues of federal pre-emption or sovereign immunity that are relegated to federal courts to decide.

Plaintiffs claim that the Court cites no precedent for the proposition that a federal court is estopped from reviewing a state court's determination of whether a parcel of land alleged to be an Indian allotment is actually an Indian allotment for purposes of 18 U.S.C. §1151(c). Doc. 36 at 5. Faced with the Court's plain application of the preclusion doctrine to bar a collateral attack on the rulings in New Mexico State District Court by State District Judge Rael, Plaintiffs attempt to create an exception to the "rule of finality of jurisdictional determinations." Doc. 36 at 2. Under this rule, a judgment may be attacked in a collateral proceeding in another jurisdiction on the basis that it was rendered without jurisdiction. *See U.S. v. Bigford*, 365 F.3d 859, 865 (10th

---

[1] The Court assumes that Plaintiffs bring this motion under Rule 60(b)(6) because it is filed more than ten days after the entry of judgment. *See U.S. v. Emmons*, 107 F.3d 762, 764 (10th Cir.1997).

Cir. 2004) (citing cases); *U.S. v. Thompson,* 941 F.2d 1074, 1080 (10th Cir.1991) ("Only void judgments are subject to collateral attack."). As the Tenth Circuit has held, "[o]f course, a collateral attack on jurisdictional grounds is precluded in a subsequent proceeding where the jurisdictional issue was fully and fairly litigated and finally decided in the prior proceeding." *Bigford*, 365 F.3d at 865 (internal quotation marks omitted). Thus, the Court's application of collateral estoppel is supported under this rule.

Plaintiffs nevertheless maintain that the issue in this case is an exception to the rule of finality of jurisdictional determinations. They contended in their underlying motion, and continue to argue now, that a decision regarding the nature of the Allotment is a federal matter, that federal policy mandates that matters arising in Indian Country are fundamentally federal in nature and that state court jurisdiction is pre-empted. *See Seneca-Cayuga Tribe of Oklahoma v. State of Okl. ex rel. Thompson*, 874 F.2d 709, 713 (10th Cir. 1989) ("federal law, federal policy, and federal authority are paramount in the conduct of Indian affairs in Indian Country"). The Court has already addressed this issue in its decision, and found that Judge Rael's ruling that the subject property is not Indian country was not an interpretation of federal jurisdictional statutes, including 18 U.S.C. §1151 (Doc. 34 at 11-12, 14). The Court also explained why the issue of whether a particular property is Indian country is one that has been previously and property decided by the New Mexico state courts. *Id.* Judge Rael's inquiry was not a jurisdictional legal inquiry but rather a fact-bound inquiry that "applie[d]" settled jurisdictional law to the issue at hand." Doc. 34 at 13. Thus, the Court was bound to apply collateral estoppel to Judge Rael's findings, and Plaintiffs have given the Court no reason to reconsider its previous ruling. *See, e.g., Comanche Indian Tribe of Oklahoma v. Hovis*, the Tenth Circuit held that collateral

estoppel barred a tribe from re-litigating a finding that the state court had jurisdiction because the relevant parties were not residing on tribal land. 53 F.3d 298, 303 (10th Cir. 1995).

Plaintiffs also take issue with the Court's finding that "the question of whether an 'offense' was committed on 'Indian country' is not reserved for federal courts." Doc. 34 at 12. However, Plaintiffs offer no case law in support of their challenge on this point. Unable to find any legal support for the proposition that a state court cannot decide whether a piece of land is a "dependent Indian community" under §1151(b), they attempt to distinguish that specific question from the question of whether the land is Indian reservation or an allotment. The Court sees no difference at all between determining whether a piece of land is a "dependent Indian community" under §1151(b) and whether the Allotment in question is "Indian country" under §1151(b). In the complaint, Plaintiffs clearly and expressly alleged that the New Mexico state court lacked jurisdiction because the allotment was Indian country under §1151(b). *See* Doc. 5 (Am. Compl.) at ¶¶13, 17 &19; *see also* Doc. 34 at 5, n.3. Thus, either way Plaintiffs choose to present the question, the analysis ends up as an inquiry under §1151(b)—which is exactly what was undertaken by Judge Rael in the prior state court case.

Ironically, one of the cases offered by Plaintiffs runs counter to their position. In *Oneida Indian Nation of NY State v. Oneida County, NY,* the United States Supreme Court concluded that the complaint arose from a federal question in the well-pleaded complaint because "the right to possession itself is claimed to arise under federal law in the first instance." 414 U.S. at 676. However, the Supreme Court in *Oneida* took pains to distinguish the case at bar, which involved tribal rights to lands, from cases involving "lands allocated to individual Indians." *Id.* (citing *Taylor v. Anderson,* 234 U.S. 74 (1914)). In the latter category of cases, a "controversy in respect of lands has never been regarded as presenting a Federal question merely because one of

5

the parties to it has derived his title under an act of Congress." 414 U.S. at 686. The Supreme Court's further explanatory comments in *Oneida* are instructive and relevant for the case before the Court here:

> Once patent issues, the incidents of ownership are, for the most part, matters of local property law to be vindicated in local courts, and in such situations it is **normally insufficient for "arising under" jurisdiction merely to allege that ownership or possession is claimed under a United States patent.**

*Oneida,* 414 U.S. at 677 (emphasis added). The Supreme Court compared cases involving land grants obtained by individual Indians through patents—which do not arise from federal law—from cases involving the larger question of possessory rights to tribal lands—which *do* assert a basis for federal question jurisdiction:

> **In the present case, however, the assertion of a federal controversy does not rest solely on the claim of a right to possession derived from a federal grant of title whose scope will be governed by state law.** Rather, it rests on the not insubstantial claim that federal law now protects, and has continuously protected from the time of the formation of the United States, possessory rights to tribal lands, wholly apart from the application of state law principles which normally and separately protect a valid right of possession.

*Oneida,* 414 U.S. at 677 (emphasis added). The case before the Court here plainly involves the ownership issue for a piece of land allegedly allocated to an individual Indian, Curtis Bitsui, not the Navajo Tribe. Thus, according to the case Plaintiffs themselves present in their motion to reconsider, the question of whether the Allotment in question is Indian country is not a question exclusively reserved for federal courts.

None of the other cases cited by Plaintiffs offers anything that persuades the Court that its rulings are legally incorrect, and most of the cases are simply irrelevant to the issues in this case. For example, Plaintiffs cite to cases holding that the United States was an indispensable party. In one of them, *U.S. v. City of Tacoma, Wash.,* the Ninth Circuit held that the Washington state court lacked jurisdiction over a condemnation action for five Indian allotments where the United

States held a valid property interest in the allotments. 332 F.3d 574 (9th Cir. 2003). This case may be of significant interest where the issue is whether the United States is an indispensable party but it has no relevance here, where the issue is whether this Court was precluded from deciding whether Mr. Bitsui's allotment was located in Indian country. The state court had fully and fairly litigated the issue, and had jurisdiction to do so.

## II. Deficiencies in Judge Rael's Findings

Plaintiffs also contend that Judge Rael did not "fully and fairly" decide the issue of whether the Allotment is Indian country and therefore collateral estoppel cannot be applied. They take issue with the weight Judge Rael gave (or did not give) to certain testimony or title reports, which they claim weighed in their favor. Doc. 36 at 5-6. This Court, however, found that Judge Rael considered the issues raised in Plaintiff Bitsui's motions to dismiss "in a measured and detailed opinion . . . ." Doc. 34 at 12. Judge Rael considered documentary evidence, testimony and several rounds of briefing. This meets the requirements for full and fair litigation under the collateral estoppel doctrine. Plaintiffs focus on their disagreements with Judge Rael's analysis, but as Defendants point out, any challenge to Judge Rael's ruling is appropriately brought in the New Mexico Court of Appeals. In fact, the parties are awaiting a decision from that court.[2]

In their reply, Plaintiffs attach a copy of *Public Service Company of New Mexico v. Barboan*, 857 F.3d 1101, 1113 (10th Cir. 2017) as support for their argument that Judge Rael's analysis was faulty and his conclusion was incorrect. Doc. 40-1. *Barboan,* however, does not advance Plaintiff's argument at all because that case addressed the condemnation of land allotments to Indians and tribes. The case did not examine any particular parcel of land to

---

[2] The underlying state court case is captioned as *State of New Mexico v. Curtis Bitsui*, Decision & Order, No: D1333-CV-2015-00228, filed March 4, 2016. Plaintiff Bitsui filed his Notice of Appeal in the New Mexico Court of Appeals on December 8, 2016. As of this date, the appeal is still pending.

7

determine whether an allotment was in fact tribal based on documentary evidence, much less whether the land was "Indian country" under 18 U.S.C. §1151 and so *Barboan* does not provide any guidance for the underlying issue in this case or any reason to second-guess Judge Rael's decision. Plaintiff's offering of the *Barboan* case is simply another attempt to circumvent this Court's application of the collateral estoppel doctrine and obtain a do-over of Judge Rael's analysis. Plaintiffs are unhappy with the outcome of this case, but there is a silver lining: if Judge Rael's conclusion was wrong, the New Mexico Court of Appeals will afford Plaintiffs the relief they seek. Additionally, Plaintiffs can file a notice of appeal and seek appellate review of this Court's rulings by the United States Court of Appeals for the Tenth Circuit.

In sum, the Court finds that there has been no intervening change in the controlling law; no evidence presented here that was previously unavailable, and no need to correct clear error or to prevent manifest injustice.

**THEREFORE,**

**IT IS ORDERED** that Plaintiffs' motion for reconsideration **(Doc. 36)** is hereby DENIED for reasons described in this Memorandum Opinion and Order.

_____/S/_____
WILLIAM P. JOHNSON
UNITED STATES DISTRICT JUDGE